1  DAN SIEGEL, SBN 56400
2  ANNE BUTTERFIELD WEILLS, SBN 139845
   EMILYROSE JOHNS, SBN 294319
3  SIEGEL, YEE, BRUNNER & MEHTA
   475 14th Street, Suite 500
4  Oakland, California 94612
   Telephone: (510) 839-1200
5  Facsimile: (510) 444-6698

6  Attorneys for Plaintiffs
7  CLARK SULLIVAN,
   ADAM BREDENBERG,
8  and BENJAMIN ROYER

9
10 FARIMAH BROWN, City Attorney, SBN 201227
   LYNNE S. BOURGAULT, Deputy City Attorney, SBN 180416
11 BERKELEY CITY ATTORNEY'S OFFICE
   2180 Milvia Street, Fourth Floor
12 Berkeley, CA 94704
   Telephone: (510) 981-6998
13 Facsimile: (510) 981-6960
   lbourgault@cityofberkeley.info
14
15 Attorneys for Defendant
   CITY OF BERKELEY
16

17            UNITED STATES DISTRICT COURT

18        FOR THE NORTHERN DISTRICT OF CALIFORNIA

19
20 CLARK SULLIVAN,               )  Case No. 3:17-cv-06051-WHA
   ADAM BREDENBERG,              )
21 and BENJAMIN ROYER            )  **JOINT SET OF PROPOSED JURY**
                                 )  **INSTRUCTIONS**
22          Plaintiffs,          )
                                 )  Pretrial: May 13, 2019
23      vs.                      )  Time:   8 a.m.
                                 )  Judge:  Hon. William H. Alsup
24 CITY OF BERKELEY,             )  Ctrm.:  12
                                 )
25          Defendant.           )
   _____)  Trial Date: May 20, 2019
26

27

28

_____
*Sullivan v. City of Berkeley,* No. 3:17-cv-06051-WHA
Joint Set of Jury Instructions- 1

**Disputed Instruction No. 1 Re Claims and Defenses Offered by Plaintiffs:**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are three homeless, or formerly homeless, individuals who associate themselves with a community of homeless residents called First They Came for the Homeless. Plaintiffs were critical of the City of Berkeley's treatment of the homeless. From October 3, 2016, through January 6, 2017, one or more of the plaintiffs, along with other members of First They Came for the Homeless, established their homeless encampment at various locations on 10 separate occasions on public property in the City of Berkeley and attempted to establish their encampment on two other occasions, but were prevented from doing so through enforcement.

Plaintiffs claim that beginning in October, 2016, and continuing through January 6, 2017, the City of Berkeley exclusively subjected plaintiffs' encampment to enforcement of anti-lodging laws because of plaintiffs' criticisms of the City of Berkeley's treatment of the homeless and their association with First They Came for the Homeless. Plaintiffs claim this violated their First Amendment right to be free from retaliation based on their speech, expression, and association.

Plaintiffs also claim that during some enforcement actions, the City of Berkeley seized their property, and failed to provide them with sufficient information to allow them to retrieve their property from the City, causing loss of their property.

Plaintiffs have the burden of proving these claims.

Defendant City of Berkeley denies these claims and also contends that plaintiffs failed to mitigate their damages.

The defendant has the burden of proof on this affirmative defense.

Plaintiffs deny defendant's affirmative defense.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5

**Disputed Instruction No. 1 Re Claims and Defenses Offered by Defendant:**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs are three homeless, or formerly homeless, individuals who associate themselves with a community of homeless residents called First They Came for the Homeless. From October 7, 2016 through January 7, 2017, one or more of the plaintiffs, along with other members of First They Came for the Homeless, established nine homeless encampments in the City of Berkeley on sidewalks, street medians, and on the steps and curtilage of the Berkeley Civic Center building which houses the City's administrative offices.

Defendant City of Berkeley is a municipality governed by nine elected officials. Eight City Councilmembers and a Mayor together make up the Berkeley City Council.

The City Council appoints a City Manager, and the City Manager appoints all other employees and officers of the City. The City Manager is the executive head of the City.

Plaintiffs claim that beginning in October 2016, and continuing through January 6, 2017, the City of Berkeley subjected plaintiffs' encampment to enforcement of anti-lodging laws because of plaintiffs' criticisms of the City of Berkeley's treatment of the homeless. Plaintiffs claim this violated their First Amendment right to be free from retaliation based on their speech and expression.

Defendant City claims that, in each case, the City Manager authorized and directed enforcement against plaintiffs' encampments based on factors having nothing to do with plaintiffs' speech or expression, such as complaints from surrounding businesses and residents, inappropriate locations, health and safety impacts, presence of criminal and nuisance behaviors, incompatibility with surrounding locations, duration, and risk of damage to public property.

Plaintiffs also claim that during some enforcement actions, the City of Berkeley collected their property and placed it in temporary storage, but failed to provide them

with sufficient information to allow them to retrieve their property from storage, causing loss of their property.

The City claims that it provided plaintiffs with prior notice that enforcement would occur, that it provided sufficient information for plaintiffs to retrieve their property, and that, if plaintiffs' property was lost, it was lost by third parties who plaintiffs tasked with retrieving their property, who either failed to do so or lost the property.

Plaintiffs have the burden of proving these claims.

The defendant denies plaintiffs' claims.


<u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.5

**Stipulated Instruction No. 2: Stipulations of Fact**

1.      Plaintiffs Clark Sullivan, Adam Bredenberg, and Benjamin Royer are homeless, or formerly homeless, individuals who are members of a community of homeless who have given themselves the name First They Came for the Homeless.

2.      Plaintiffs' Encampments

a.      On Friday, October 7, 2016, plaintiff Royer was residing under a tarp on the sidewalk at Adeline and Fairview along with members of First They Came for the Homeless and other homeless individuals when the City of Berkeley conducted enforcement to remove the homeless encampment.

b.      On Tuesday, October 18, 2016, plaintiff Royer was residing under a tarp on a street median at Adeline and Stuart streets, along with members of First They Came for the Homeless and other homeless individuals, and plaintiff Bredenberg was either sleeping in his car nearby or residing at the encampment for one to two days when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been in that location since October 10, 2016.

c.      On Friday, November 4, 2016, plaintiff Royer was residing in a tent or under a tarp on a pathway between the sidewalk and a planter box at Adeline and Fairview along with members of First They Came for the Homeless and other homeless individuals, and plaintiff Bredenberg was sleeping in a tent at the encampment or in his car nearby, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been in that location since October 18, 2016.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

d.    On Monday, November 7, 2016, plaintiff Royer was residing in a tent or a tarp and plaintiff Sullivan was residing in a tent, along with members of First They Came for the Homeless and other homeless individuals, and plaintiff Bredenberg was sleeping in a tent at the encampment or in his car nearby the encampment , at the front of the Berkeley Civic Center, 2180 Milvia Street, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been in that location since November 4, 2016.

e.    On Thursday, November 17, 2016, plaintiff Royer was residing under a tarp and plaintiff Sullivan was residing in a tent, along with members of First They Came for the Homeless and other homeless individuals, and plaintiff Bredenberg was sleeping in a tent at the encampment or in his car nearby the encampment, on the south curtilage lawn of the Berkeley Civic Center, 2180 Milvia Street, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been in that location since November 7, 2016.

f.    On Friday, December 2, 2016, plaintiff Royer was residing in a tent, plaintiff Sullivan was residing in a tent, and plaintiff Bredenberg was residing in a tent, along with members of First They Came for the Homeless and other homeless individuals, on the north curtilage lawn of the Berkeley Civic Center, 2180 Milvia Street, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been in that location since November 17, 2016.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

g.      On Wednesday, December 21, 2016, plaintiff Royer was residing under a tarp, and plaintiff Sullivan was residing in a tent, along with members of First They Came for the Homeless and other homeless individuals, on a street median at Adeline and Oregon streets, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been at that location since December 2, 2016.

h.      On Friday, January 6, 2017, plaintiff Royer was residing under a tarp, and plaintiff Sullivan was residing in a tent along with members of First They Came for the Homeless and other homeless individuals, on a street median on Shattuck Avenue between Rose and Vine Streets, when the City of Berkeley conducted enforcement to remove the homeless encampment, which had been at that location since December 22, 2016.

3.      Encampment Resolutions

a.      Employees of the City of Berkeley's Department of Public Works, Parks Recreation & Waterfront Department, Health Housing & Community Services Department, and City Manager's Department have a role in conducting homeless encampment resolutions in the City of Berkeley.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2

1   **Stipulated Instruction No. 3 Re Equal Treatment of Parties – Municipal
2   Entities:**

3          All parties are equal before the law and a municipal entity such as the City of

4   Berkeley is entitled to the same fair and conscientious consideration by you as any party.

5          <u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 4.1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Stipulated Instruction No. 4 Re Section 1983 Claim - Introductory Instruction**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.1

**Disputed Instruction No. 5 Re Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker – Elements and Burden of Proof offered by Plaintiffs\*\*:**

In order to prevail on their § 1983 claim against defendant City of Berkeley alleging liability based on the act of a final policymaker, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     City of Berkeley City Manager Dee Williams-Ridley acted under color of state law;

2.     the acts of City Manager Dee Williams-Ridley deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

3.     City Manager Dee Williams-Ridley had final policymaking authority from defendant City of Berkeley concerning these acts;

4.     when City Manager Dee Williams-Ridley engaged in these acts, she was acting as a final policymaker for defendant City of Berkeley; and

5.     the acts of City Manager Dee Williams-Ridley  caused the deprivation of the plaintiff's rights; that is, the City Manager Dee Williams-Ridley's acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the City Manager Dee Williams-Ridley acted under color of state law.

I instruct you that City Manager Dee Williams-Ridley had final policymaking authority from defendant City of Berkeley concerning the acts at issue and, therefore, the third element requires no proof.

If you find that the plaintiffs have proved each of these elements, and if you find that the plaintiff has proved all the elements they are required to prove under Instruction No. 6 (First Amendment Retaliation), your verdict should be for the

plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2017 Edition (Last Updated Apr. 2019), Instruction 9.6 "Section 1983 Claim Against Local Governing Body Defendants Based on Act of Final Policymaker – Elements and Burden of Proof."

** Plaintiffs submit this disputed instruction for Instruction No. 6 (First Amendment Retaliation). Plaintiffs stipulate to defendant's disputed instruction No. 5 for Instruction No. 7 (Due Process Instruction)

1

2

**Disputed Instruction No. 5 Re Section 1983 Claim Against Local Governing Body Defendants Based on Unlawful Official Policy, Practice, or Custom – Elements and Burden of Proof offered by Defendant:**

3

4

5

In order [for each] plaintiff to prevail on his § 1983 claim against defendant City of Berkeley  alleging liability based on an official policy, practice, or custom, [each] plaintiff must prove each of the following elements by a preponderance of the evidence:

6

7

    1.      the City of Berkeley City Manager acted under color of state law;

    2.      the act[s] of the City Manager deprived the plaintiffs of their particular

8

rights under the United States Constitution as explained in later instructions;

9

    3.      The City Manager acted pursuant to an expressly adopted official policy or

10

a widespread or longstanding practice or custom of the defendant City of Berkeley; and

11

    4.      the defendant City of Berkeley's official policy or widespread or

12

longstanding practice or custom caused the deprivation of the plaintiffs' rights by the

13

City Manager; that is, the City of Berkeley's official policy or widespread or longstanding

14

practice or custom is so closely related to the deprivation of the plaintiffs' rights as to be

15

the moving force that caused the ultimate injury.

16

A person acts "under color of state law" when the person acts or purports to act in

17

the performance of official duties under any state, county, or municipal law, ordinance

18

or regulation. The parties have stipulated that the City Manager acted under color of

state law.

19

20

"Official policy" means a formal policy, such as a rule or regulation adopted by

21

the defendant City of Berkeley, resulting from a deliberate choice to follow a course of

action made from among various alternatives by the official or officials responsible for

22

establishing final policy with respect to the subject matter in question.

23

"Practice or custom" means any longstanding, widespread, or well-settled

24

practice or custom that constitutes a standard operating procedure of the defendant City

25

of Berkeley.

26

If you find that the plaintiffs have proved each of these elements, and if you find

27

that the plaintiffs have proved all the elements they are required to prove under

28

Instruction No. 6 (First Amendment Retaliation) and Instruction No. 7 (Due Process Instruction), your verdict should be for one or more of the plaintiffs. If, on the other hand, you find that the plaintiffs have each failed to prove any one or more of these elements, your verdict should be for the defendant.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.5 (with minor modifications indicated by brackets [  ].

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Disputed Instruction No. 6 Re First Amendment Retaliation Offered by Plaintiffs:**

As previously explained, the plaintiffs have the burden of proving that the acts of the defendant City of Berkeley deprived them of rights protected by the United States Constitution.

The plaintiffs allege that the City of Berkeley deprived them of their free speech rights under the First Amendment to the Constitution when the City closed their protest encampment ten times in three months and prevented them from establishing their protest encampment two times in the same period.

Under the First Amendment, a citizen has the right to free expression, including criticism of the government, to petition the government for redress of grievances, to assemble and to associate. In order to prove that the City of Berkeley deprived the plaintiffs of their First Amendment right, the plaintiffs must prove the following by a preponderance of the evidence:

1.     the plaintiffs were engaged in a constitutionally protected activity;

2.     the defendant's actions against the plaintiffs would deter a person of ordinary firmness from continuing to engage in the protected activity; and

3.     the plaintiffs' protected activity was a substantial or motivating factor in the defendant's conduct.

[I instruct you that the plaintiffs' speech in this case about the City of Berkeley's treatment of homeless people was protected under the First Amendment and, therefore, the first element requires no proof.]

A substantial or motivating factor is a significant factor.


Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2017 Edition (Last Updated Apr. 2019), Instruction 9.11 "Particular Rights—First Amendment—'Citizen' Plaintiff"; Manual of Model Civil Jury Instructions

for the District Courts of the Ninth Circuit, 2017 Edition (Last Updated Apr. 2019),

Instruction 9.2 "Causation"

**Disputed Instruction No. 6 Re First Amendment Retaliation Offered by Defendant:**

As previously explained, the plaintiffs have the burden of proving that the acts of the defendant City of Berkeley deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendant deprived them of their rights under the First Amendment to the Constitution when defendant subjected them to enforcement for lodging on public property without permission.

Under the First Amendment, a citizen has the right to free expression. In order to prove the defendant deprived the plaintiffs of this First Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.    Plaintiff was engaged in a constitutionally protected activity;

2.    The defendant's actions against the plaintiffs would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.    Plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct. A substantial or motivating factor is a significant factor.

4.    [Plaintiff's protected activity was the "but-for" cause of defendant's conduct. A "but-for" cause means "but for" plaintiff's constitutionally protected activity, defendant would not have taken action against plaintiffs.]*

5.    [To determine whether or not retaliatory animus was the but-for cause, one consideration is the temporal proximity between the protected speech and the alleged retaliatory act.]**

[Plaintiffs have the burden of proving the First Amendment applies to conduct they assert is expressive.]***

[Expression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions.]***

Authority: Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.11 (modified as indicated by brackets [ ]); *Hartman v. Moore*, 547 U.S. 250, 260 (2006);

*Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008); *Lacey v. Maricopa County*, 693 F.3d 896, 916-17 (9th Cir. 2012); **Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); ***Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293, 297-98 and fn. 5 (1984).

1

2

**Disputed Instruction No. 7 Re Fourteenth Amendment – Procedural Due Process Offered by Plaintiffs:**

3

4

5

6

7

A homeless person's possessions are "property" within the meaning of the Fourteenth Amendment to the United States Constitution. The City of Berkeley must comply with the requirements of the Fourteenth Amendment's due process clause if it wishes to take and destroy a homeless person's property. Due process requires cities to provide a homeless person with adequate notice and an opportunity to be heard before permanently depriving him of his property.

8

9

10

In order to prove the defendant deprived the plaintiffs of this Fourteenth Amendment right to Adequate Notice before permanently depriving plaintiffs of their property, the plaintiffs must prove the following by a preponderance of the evidence:

11

12

1.      the defendant did not provide adequate notice to the plaintiffs prior to permanently depriving them of their property;

13

14

2.      the defendant acted pursuant to official municipal policy or a municipal custom.

15

16

17

18

Adequacy of notice means notice that is posted prominently in sufficient advance of a planned seizure, that explains in clear terms the procedure for retrieving property, that is legible and unobscured, and that is posted prominently at the site of collection after a seizure.

19

20

21

22

Authority: *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012); *Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005, 1009 (C.D. Cal. 2011); *Hooper v. City of Seattle*, 2017 WL 591112, at *5 (W.D. Wash. Feb. 14, 2017).

23

24

25

26

27

28

**Disputed Instruction No. 7 Re Fourteenth Amendment – Procedural Due Process Offered by Defendant:**

Plaintiffs allege that the Defendant deprived them of their right to Procedural Due Process under the Fourteenth Amendment.

Under the Fourteenth Amendment, individuals are entitled to meaningful notice and an opportunity to be heard before their unabandoned property is seized and destroyed.

Due process is satisfied when the defendant takes reasonable steps to give notice that the property has been taken so the owner can pursue available remedies for its return.

To prevail on this claim, Plaintiffs must prove by a preponderance of the evidence that the City of Berkeley failed to take reasonable steps to give them notice that their unattended property was subject to collection and storage, so that they could pursue available remedies for its return.

Authority: *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012).

**Stipulated Instruction No. 8 Re Damages Proof\*:**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or more plaintiffs on the plaintiffs' First Amendment retaliation or Due Process Loss of Property claim, you must determine each plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

In determining the measure of damages, you should consider:

     The nature and extent of the injuries;

     The mental, emotional pain and suffering experienced;

     The reasonable value of any property that was lost.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

<u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.1 and 5.2.

\*Offered pending the outcome of Defendant's Motion *in Limine* on Damages

**Disputed Instruction No. 9 Re Mitigation of Damages Offered by Defendant:**

Each plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiffs failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

<u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.3.

**Stipulated Instruction No. 10 Re Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

<u>Authority</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 5.6.

Dated: May 6, 2019

SIEGEL, YEE, BRUNNER & MEHTA

By: _/s/EmilyRose Johns_____
    EmilyRose Johns

Attorney for Plaintiffs
CLARK SULLIVAN,
ADAM BREDENBERG,
and BENJAMIN ROYER

Dated: May 6, 2019

BERKELEY CITY ATTORNEY'S OFFICE

By: _/s / Lynne S. Bourgault_____
    Lynne S. Bourgault

Attorneys for Defendant
CITY OF BERKELEY