DAN SIEGEL, SBN 56400
ANNE BUTTERFIELD WEILLS, SBN 139845
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
CLARK SULLIVAN,
ADAM BREDENBERG,
and BENJAMIN ROYER

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK SULLIVAN, ADAM BREDENBERG, and BENJAMIN ROYER<br><br>            Plaintiffs,<br><br>   vs.<br><br>CITY OF BERKELEY,<br><br>            Defendant. | Case No. 3:17-cv-06051-WHA<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Date:   May 13, 2019<br>Time:   8 a.m.<br>Judge:  Hon. William H. Alsup<br>Ctrm.:  12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Trial Date: May 20, 2019 |

The parties dispute jury instructions No. 1 regarding claims and defenses, No. 5 regarding *Monell* liability, No. 6 regarding First Amendment Retaliation, and No. 7 regarding Procedural Due Process[1]. Pursuant to paragraph 2(c) of the Court's Guidelines for Trial and Final Pre-Trial Conference in Civil Jury Cases, counsel for

---

[1] Plaintiffs and defendant also dispute whether a mitigated damages instruction (disputed instruction number 9) is appropriate for the claims remaining. Plaintiffs do not offer an instruction on mitigation of damages.

plaintiffs respectfully submits the following Memorandum of Law in Support of Plaintiffs' Disputed Proposed Jury Instructions.

### A. Instruction No. 1 – Claims and Defenses

Plaintiffs submit a disputed instruction because they object to defendant's inclusion of defenses that are not recognized as affirmative defenses and do not explain their burden of proof for any affirmative defense they offer. Instruction 1.5 of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit instructs that defendant may include instruction on its *counter claims and affirmative defenses* as well as the burden of proof on those claims. Plaintiffs included the affirmative defense that defendant raises, mitigation of damages, and includes their burden of proof on the claim.

Plaintiffs also use the term seizure to which they understand defendant objects. However, plaintiffs do not allege that the seizure was unreasonable, as that was disposed of in the Court's summary judgment order. (ECF No. 171.) Rather, plaintiffs' instruction claims that a seizure occurred when the City took their belongings because "there [was] some meaningful interference with [their] possessory interests in [their] property." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012) (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984)). Plaintiffs assert that seizure is the appropriate legal term for what they claim occurred, and include the term without comment on whether or not the seizure was reasonable.

### B. Instruction No. 5 - *Monell* Liability

Plaintiffs offer disputed instruction number 5 regarding *Monell* liability as it applies to Instruction number 6, First Amendment Retaliation. Plaintiffs do not dispute that the instruction offered by defendant should be given for *Monell* liability regarding Instruction number 7, Due Process.

It is undisputed that the City Manager Dee Williams-Ridley is the decision maker for the City regarding which large-scale encampment will be removed. (See Declaration of Dee Williams-Ridley in Support of Defendant City of Berkeley's Motion

for Summary Judgment and/or Summary Adjudication, ECF. No. 143, ¶ 3. ("As City Manager, I make the final decision on whether to perform a resolution of a larger-scale encampment in the City of Berkeley, in conjunction with my staff and the information they provide to me.") Ms. Williams-Ridley also submitted in her declaration that she deemed unsuitable the encampments that are at issue. (*Id*. at ¶ 8.) Plaintiffs offer their instruction only to conform with what they believe will be demonstrated through the testimony of Ms. Williams-Ridley based on her testimony on the record.

C.     **Instruction No. 6 First Amendment Retaliation**

Plaintiffs offer disputed instruction number 6 regarding their claim of First Amendment Retaliation. Plaintiffs' proposed instruction is almost verbatim Instruction 9.11 of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, with only the facts specific to plaintiffs' claims inserted. Plaintiffs do not offer modifications to the elements of the proposed instruction or additional elements.

Plaintiffs understand that the parties dispute over the appropriate standard of causation, the omission of instruction on reasonable time, place, and manner restrictions, and the inclusion of association as a protected activity.[2]

1.    **Substantial or Motivating Factor**

Instruction 9.11 of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit dictates "substantial or motivating factor" and the standard of causation for the instruction on First Amendment Retaliation. This comports with a long line of Ninth Circuit cases regarding First Amendment retaliation outside of the custodial arrest context. *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (noting that the third element of a First Amendment Retaliation claim is "the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an

---

[2] Plaintiffs also understand that defendant objects to the inclusion of the bracketed language "[I instruct you that the plaintiff's [speech in this case about [*specify*]] [*specify conduct*] was protected under the First Amendment and, therefore, the first element requires no proof.]." Plaintiffs offer that only as it is included in the model instruction.

intent to chill speech."); *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) ("a plaintiff must provide evidence showing that by his actions the defendant deterred or chilled the plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct." (internal citations and modifications omitted); *Sloman v. Tadlock*, 21 F.3d 1462, 1470 (9th Cir. 1994) (finding political activity could have been the "substantial or motivating factor" of an officer issuing a citation and a warning).

Plaintiffs offer only the model Ninth Circuit instruction, supported by cases dating back to 1994, that the appropriate standard for causation is substantial or motivating factor.

### 2. Reasonable Time, Place, and Manner Restriction

Plaintiffs' offered instruction does not include information on time, place and manner restrictions of expressive speech, as such an instruction is not in the model instruction that plaintiffs adopt. Defendant offers an instruction that includes information on whether a time, place and manner restriction was appropriate on plaintiffs' potential testimony that among other protected activities, plaintiffs camped as an expressive activity. Whether overnight sleeping in connection with a protest is protected activity has not been decided. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984). Further, the evidence will show that plaintiffs engaged in protected activities in several manners beyond overnight sleeping in connection with a protest.

Defendant's instruction is also lacking in that it does not explain what may qualify as a reasonable time, place and manner restriction. A reasonable time, place and manner restriction must be "justified without reference to the content of the regulated speech, [must be] narrowly tailored to serve a significant governmental interest, and [must] leave open ample alternative channels for communication of the information." *Id.* at 293. Any instruction on time, place and manner restriction should explain what may be a reasonable restriction.

### 3. Association as "Protected Activity"

Plaintiffs may assert that they engaged in protected activity by associating with others who engaged in protected activities. "Association for the purpose of engaging in protected activity is itself protected by the First Amendment." *Santopietro v. Howell*, 857 F.3d 980, 989 (9th Cir. 2017). Although plaintiffs will testify to the protected activities in which they personally engaged, they may also testify to the protected activities in which their associates and those acting on behalf of the group engaged. Plaintiffs' association alone is protected activity, and punishment wrought on them because they were members of First They Came for the Homeless for any protected activity in which members and associates of First They Came for the Homeless engaged can sustain a First Amendment Retaliation claim. Therefore, plaintiffs offer association as one protected activity in which they engaged and by which a jury might find the first element satisfied.

### D. Instruction No. 7 - Procedural Due Process

As no model instruction for procedural due process in this context can be found in the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, plaintiffs and defendant offer instructions informed by *Lavan v. City of Los Angeles*, 693 F. 3d 1022 (9th Cir. 2012). *Lavan* explains that (1) a homeless person's possessions are property within the meaning of the Fourteenth Amendment, and (2) before permanently depriving a homeless person of their property, a City must give "adequate notice and an opportunity to be heard." (*Id.* at 1032-33.) See also *Hooper v. City of Seattle*, 2017 WL 591112 at *5 (W.D. Wash. Feb 14, 2017) (noting "adequate notice" as the constitutional requirement before permanent deprivation of a homeless persons' property.) As *Lavan* does not provide explicit guidance for what is or is not adequate notice, plaintiffs offer examples from the district court's decision in *Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005 (C.D. Cal 2011). In *Lavan*, the district court commented on the inadequacy of notices that are posted very high, have small print, or are obscured. Id. at 1017. The court instructed the City to post notice in prominent

places. Id. at 1020. This Court has recognized the need for sufficient notice in advance of a planned seizure.  Plaintiffs offer this instruction to comport with the requirements articulated by the Ninth Circuit in *Lavan*.

Dated: May 6, 2019

SIEGEL, YEE, BRUNNER & MEHTA

By:   /s/EmilyRose Johns
     EmilyRose Johns

Attorney for Plaintiffs
CLARK SULLIVAN,
ADAM BREDENBERG,
and BENJAMIN ROYER