**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    CLARK SULLIVAN, ADAM
      BREDENBERG, and BENJAMIN ROYER,
11                                                        No. C 17-06051 WHA

12              Plaintiffs,

13       v.

14    CITY OF BERKELEY,

15              Defendant.
      _____/
16

17

18

19

20                          **FINAL CHARGE TO THE JURY**

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**1.**

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**2.**

The evidence from which you are to decide what the facts are consists of:

    1.    The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    2.    The exhibits which have been received into evidence;

    3.    The sworn testimony of witnesses in depositions, read into evidence; and

    4.    Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

**3.**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on

garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.  You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**4.**

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

3.      Objections by lawyers are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection, or the Court's ruling on it.

4.      Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5.       Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**5.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it or none of it.  In considering the testimony of any witness, you may take into account:

1.       The opportunity and ability of the witness to see or hear or know the things testified to;

2.       The witness' memory;

3.       The witness' manner while testifying;

4.       The witness' interest in the outcome of the case and any bias or prejudice;

5.       Whether other evidence contradicted the witness' testimony;

6.       The reasonableness of the witness' testimony in light of all the evidence; and

7.       Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  Nor does it depend on which side called witnesses or produced evidence.  You should base your decision on all of the evidence regardless of which party presented it.

**6.**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited.  Inability to recall and innocent misrecollection are common.  Two persons witnessing an incident or a transaction sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others.  You may reject the entire testimony of a witness who willfully has testified falsely on

1  a material point, unless, from all the evidence, you believe that the probability of truth favors

2  his or her testimony in other particulars.

**7.**

4  In determining what inferences to draw from evidence you may consider, among other

5  things, a party's failure to explain or deny such evidence.

**8.**

7  All parties are equal before the law and a municipal entity such as the City of Berkeley

8  is entitled to the same fair and conscientious consideration by you as any party.

**9.**

10  In these instructions, I will often refer to a party's "burden of proof." Let me explain

11  what that means. When a party has the burden of proof on any claim by a preponderance of the

12  evidence, it means you must be persuaded by the evidence that the claim is more probably true

13  than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the

14  evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on

15  the issue would have to make the scale tip somewhat toward its side. If the party fails to meet

16  this burden, then the party with the burden of proof loses on that issue. Preponderance of the

17  evidence basically means "more likely than not."

**10.**

19  On any claim, if you find that each plaintiff carried his burden of proof as to each

20  element of a particular claim, your verdict should be for plaintiffs on that claim. If you find that

21  a plaintiff did not carry his burden of proof as to each element, you must find against that

22  plaintiff on that claim. This same principle also applies to the City on issues for which it has

23  the burden of proof.

**11.**

25  I will now turn to the law that applies to this case and will give you a brief summary of

26  the claims at issue. Plaintiffs Clark Sullivan, Adam Bredenberg, and Benjamin Royer are

27  homeless, or formerly homeless, individuals who associate themselves with a community of

28  homeless residents called First They Came for the Homeless. Between October 2016 and

**United States District Court**
For the Northern District of California

January 2017, one or more of the plaintiffs, along with other members of First They Came for the Homeless, established homeless encampments at various locations in the City of Berkeley.

Plaintiffs claim that the City of Berkeley violated their First Amendment right to freedom of expression by targeting their homeless encampment for enforcement of anti-lodging laws between October 2016 and January 2017.  Plaintiffs also claim that the City violated their Fourteenth Amendment right to procedural due process by failing to provide them with reasonable notice that their unattended property had been collected and stored so that they could pursue remedies for its return.

The issue in this case is not whether the City of Berkeley has or has not done enough to solve the problem of homelessness.  You have heard evidence on this subject but that has only been as background to inform you about the issues you must decide in this case.

**12.**

Plaintiffs' claims against the City are brought under a federal statute, Section 1983 of Title 42 of the United States Code, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  Throughout these instructions, plaintiffs' claims may be referred to as Section 1983 claims.

**13.**

Individual police officers are not defendants in this case.  The City of Berkeley is the only defendant.  It is therefore not enough to prove that a police officer or other City employee harassed plaintiffs in retaliation for First Amendment activities.  In order to hold the City responsible, plaintiffs must establish liability for their Section 1983 claims based on the act of a final policymaker or based on an official policy, practice, or custom.

**14.**

As to plaintiffs' Section 1983 claim for violation of their First Amendment rights, plaintiffs seek to hold the City responsible based on the acts of a final policymaker.  In order to prevail on this theory of liability, plaintiffs must prove each of the following elements by a preponderance of the evidence:

6

1.      City Manager Dee Williams-Ridley acted under color of state law;

2.      The acts of City Manager Williams-Ridley deprived plaintiffs of their First Amendment rights as explained later in these instructions;

3.      City Manager Williams-Ridley had final policymaking authority from the City of Berkeley concerning these acts;

4.      When City Manager Williams-Ridley engaged in these acts, she was acting as a final policymaker for the City of Berkeley; and

5.      The acts of City Manager Williams-Ridley caused the deprivation of the plaintiffs' First Amendment rights; that is, City Manager Williams-Ridley's acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that City Manager Williams-Ridley acted under color of state law.  City Manager Williams-Ridley also had final policymaking authority from the City concerning the acts at issue.  Plaintiffs therefore need not present evidence on the first and third elements and you must treat those two elements as having been proven.

**15.**

Under the First Amendment, a citizen has the right to free expression.  Free expression includes the delivery of a message through conduct that is intended to be communicative and that, in context, would reasonably be understood by the viewer to be communicative.  Association for the purpose of engaging in protected activity is also protected by the First Amendment.

**16.**

Plaintiffs allege that the City deprived them of their rights under the First Amendment by targeting their encampment for enforcement of anti-lodging laws.  In order to prove the City

United States District Court

For the Northern District of California

deprived plaintiffs of their First Amendment rights, plaintiffs must prove the following

additional elements by a preponderance of the evidence:

       1.     Plaintiffs engaged in a constitutionally protected activity;

       2.     The City's actions against plaintiffs would chill a person of

ordinary firmness from continuing to engage in the protected activity; and

       3.     Plaintiffs' protected activity was a substantial or motivating

factor in the City's conduct.  A substantial or motivating factor is a significant

factor.

**17.**

Expression, whether oral, written or symbolized by conduct, is subject to reasonable

restrictions.  Unlawful conduct is not excused merely because it is also a protest.  Police may

therefore enforce anti-lodging laws so long as the police are not substantially motivated by

expressive conduct in doing so.  However, even if plaintiffs show that their protected activity

was a substantial motivation in the City's decision to enforce the anti-lodging laws against

them, the City is not liable if it proves by a preponderance of the evidence that it would have

taken the same enforcement actions against plaintiffs even in the absence of the protected

conduct.

**18.**

As to plaintiffs' Section 1983 claim for violation of their Fourteenth Amendment rights,

plaintiffs seek to hold the City responsible based on an official policy, practice, or custom.  In

order to prevail on this theory of liability, plaintiffs must prove each of the following elements

by a preponderance of the evidence:

       1.     City Manager Dee Williams-Ridley acted under color of state

law;

       2.     The acts of City Manager Williams-Ridley deprived plaintiffs of

their Fourteenth Amendment right to due process as explained later in these

instructions;

**United States District Court**
For the Northern District of California

3.      City Manager Williams-Ridley acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the City of Berkeley; and

4.      The City's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiffs' rights by City Manager Williams-Ridley; that is, the City's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

The parties have stipulated that City Manager Williams-Ridley acted under color of law. You must treat this element as having been proven.

"Official policy" means a formal policy, such as a rule or regulation adopted by the City, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the City of Berkeley.  A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

**19.**

Plaintiffs assert a claim under the Fourteenth Amendment.  Under the Fourteenth Amendment's due process clause, individuals are entitled to meaningful notice and an opportunity to be heard before their unabandoned property is seized and destroyed.  In order to prove the City deprived plaintiffs of their due process right under the Fourteenth Amendment, plaintiffs must prove by a preponderance of the evidence that the City failed to take reasonable steps to give them notice that their property had been collected and stored so that they could pursue available remedies for its return.

United States District Court
For the Northern District of California

**20.**

If you find for plaintiffs on either of their Section 1983 claims, you must also determine their damages.  It is now the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  As the party seeking damages, plaintiffs have the burden of proving damages by a preponderance of the evidence.

**21.**

Plaintiffs seek economic as well as noneconomic damages.  Specifically, plaintiffs claim economic damages for lost property and claim noneconomic damages for emotional distress.

**22.**

Plaintiffs do not have to prove the exact amount of damages.  However, you are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.  If you determine that a party is entitled to recover, you should compensate the party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

**23.**

Plaintiffs have not presented a computation of claimed property damages.  Accordingly, if you find for plaintiffs on their Section 1983 claims and further find that the City's violation caused plaintiffs to lose property, you may award only nominal damages.  Nominal damages may not exceed one dollar.

**24.**

There is no fixed standard for deciding the amount of noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.  Furthermore, for any noneconomic damages, please determine the amount in current dollars paid at the time of judgment that will compensate plaintiffs for those damages.

**25.**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each claim and as to damages, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.  You must address the questions in the precise order listed.

**26.**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.  When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

**27.**

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

      1.     All of the exhibits received into evidence;

      2.     A work copy of these jury instructions for each of you;

      3.     A work copy of the verdict form for each of you; and

      4.     An official verdict form.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

**28.**

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**29.**

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

**30.**

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to

the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

**31.**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: May 23. 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6
7      FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   CLARK SULLIVAN, ADAM
10  BREDENBERG, and BENJAMIN ROYER,                No. C 17-06051 WHA
11              Plaintiffs,
12      v.
13  CITY OF BERKELEY,
14              Defendant.
                                                  /
15
16
17                     **SPECIAL VERDICT FORM**
18
19          When answering the following questions and filling out this special verdict form, please
20  follow the directions provided throughout this special verdict form and the final charge to the
21  jury.  Your answer to each question must be unanimous.  Answer the questions separately for
22  each plaintiff.
23
24
25
26
27
28

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

**QUESTION 1:** Has plaintiff proven that he engaged in conduct protected by the First Amendment? Please write "Yes" or "No."

*If you answered "No" for any plaintiff, then you have found in favor of the City on that plaintiff's First Amendment claim and you should skip to Question 5 for that plaintiff. If you answered "Yes," continue to Question 2.*

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

**QUESTION 2:** Has plaintiff proven that the City of Berkeley deprived him of his First Amendment rights by targeting him for enforcement of anti-lodging laws? Please write "Yes" or "No."

*If you answered "No" for any plaintiff, then you have found in favor of the City on that plaintiff's First Amendment claim and you should skip to Question 5 for that plaintiff. If you answered "Yes," continue to Question 3.*

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

**QUESTION 3:** Has the City proven that it would have taken the same enforcement actions against plaintiff even in the absence of the protected conduct? Please write "Yes" or "No."

*If you answered "Yes" for any plaintiff, then you have found in favor of the City on that plaintiff's First Amendment claim and you should skip to Question 5 for that plaintiff. If you answered "No," continue to Question 4.*

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

**QUESTION 4:**  If you answered "No" to Question 3 for plaintiff, what amount of damages, if any, has that plaintiff proven that he suffered as a result of the City's conduct?  (If no damages have been proven but you nonetheless have found a constitutional violation, you must award nominal damages up to one dollar.) *Continue to Question 5.*

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

**QUESTION 5:**  Has plaintiff proven that the City of Berkeley violated his Fourteenth Amendment right to due process by failing to give him reasonable notice that his unattended property had been collected and stored so that he could pursue available remedies for its return?  Please write "Yes" or "No."

*If you answered "No" for a particular plaintiff, then you have found in favor of the City on that plaintiff's Fourteenth Amendment claim and you are done — go to the end, sign, and date the form.  If you answered "Yes," continue to Question 6.*

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

**QUESTION 6:**  If you answered "Yes" to Question 5 for plaintiff, what amount of damages, if any, has that plaintiff proven that he has suffered as a result of the City's conduct?  (If no damages have been proven but you nonetheless have found a constitutional violation, you must award nominal damages up to one dollar.)

| Clark Sullivan | Adam Bredenberg | Benjamin Royer |
|---|---|---|
|  |  |  |

3

1    You have now reached the end of the verdict form and should review it to ensure it

2  accurately reflects your unanimous determinations. Your presiding juror should then sign and

3  date the verdict form in the spaces below and notify the judge (through the court security

4  officer) that you have reached a verdict.  The presiding juror should place the verdict form in

5  the envelope provided and bring it when the jury returns to the courtroom to deliver the verdict.

6

7  Dated: May _____, 2019.                            _____

8                                                                 FOREPERSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4