IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARK SULLIVAN, ADAM BREDENBERG,
and BENJAMIN ROYER,

    Plaintiffs,

  v.

CITY OF BERKELEY, and SAN FRANCISCO
BAY AREA RAPID TRANSIT DISTRICT,

    Defendants.

No. C 17-06051 WHA

**ORDER RE MOTION TO RETAX COSTS**

## INTRODUCTION

In this action for violations of constitutional rights, plaintiffs moves to retax costs. To the extent stated below, the motion is **GRANTED** and otherwise **DENIED**.

## STATEMENT

Previous orders have stated the facts of the case. In short, plaintiffs Clark Sullivan, Adam Bredenberg and three others sued defendants City of Berkeley and the Bay Area Rapid Transit District (BART) alleging claims under the ADA, First, Fourth, Eighth, and Fourteenth Amendments. A January 2018 order dismissed BART as a defendant and all of the claims against the City except for the First Amendment retaliation, Fourth, and Fourteenth Amendment claims. Trial occurred in May 2019, a jury verdict went for defendant City of Berkeley, and judgment was entered in favor of defendant City of Berkeley. In early June 2019, defendant City of Berkeley filed a bill of costs totaling $9,073.35. Plaintiffs filed objections on the grounds that certain costs were non-recoverable. The clerk assessed costs in the amount of

$6,672.60, disallowing costs for service of deposition subpoenas, video synchronization, and court reporter attendance fees. Plaintiffs now move to have the costs re-taxed, requesting denial of all costs or alternatively, denial of costs that are not allowed under FRCP 54(d), specifically the videography costs. Defendant City of Berkeley opposes. This order follows full briefing and oral argument.

**ANALYSIS**

**1. VIDEOGRAPHY COSTS.**

Under our Civil Local Rule 54-3(c)(1), "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." This order finds that defendant here cannot recover costs incurred in videotaping depositions because a transcribed deposition was all that was needed. Although, as defendant contends, certain circumstances allow for recovery of these duplicate costs, the nature of the litigation here is not sufficient to warrant it. Accordingly, the taxed costs shall be reduced by the videography expenses.

**2. ENTIRETY OF COSTS.**

Our court of appeals has held costs to a prevailing party may be denied for a variety of reasons such as the public importance of the case, the difficulty of the issues, the chilling effect on similar actions, the plaintiff's limited financial resources, and the limited economic disparity between parties. *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1246 (9th Cir. 2014).

Plaintiffs have requested that the costs of recovery be denied in their entirety. Although the parties and this order agree that plaintiffs' claims raise some important issues regarding homelessness, the remaining costs at issue are not so large as to chill litigation. Similarly, the issues presented in this case, although not without merit, were not complex. Only two individual claims proceeded to trial following summary judgment and the jury unanimously found in the defendant's favor after deliberating for less than a day. Accordingly, plaintiffs have not alleged sufficient grounds involving the merits to deny recovery of the costs in their entirety. As to the financial resources of the plaintiffs, plaintiff Bredenberg is not homeless and has been regularly been employed. Accordingly, he is liable in full. Given the limited financial

situation of plaintiffs Sullivan and Royer, however, each shall pay only $100 for now and the remainder of their portion due shall be excused for the time being, subject to a lien allowed hereby on any judgment or award of money or expenses on any claim ever made by them against Berkeley or any other governmental agency. Defendant must perfect any such liens with proper paperwork.

## CONCLUSION

Plaintiffs' motion is **GRANTED** to the extent stated above and the taxed costs shall be reduced to $5,494.10. Plaintiffs Sullivan and Royer each shall pay only $100 for the time being.

**IT IS SO ORDERED.**

Dated: September 13, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE